**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| MADS PETERSEN, Individually and for Others Similarly Situated, | **Case No. 4:26-cv-828** |
| v. | Jury Trial Demanded |
| CHORBIE, LLC. | 29 U.S.C. § 216(b) Collective Action |

# COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. Plaintiff Mads Kruger Petersen ("Petersen") brings this lawsuit to recover overtime wages and other damages from Chorbie, LLC ("Chorbie") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.

2. Petersen worked for Chorbie as a salaried Client Service Representative ("CSR") from approximately November 2022 until March 6, 2026.

3. Petersen and other workers like him regularly worked in excess of forty (40) hours each week.

4. But these workers never received overtime as required by the FLSA.

5. Instead, Chorbie improperly classified Petersen and those similarly situated workers as exempt employees and paid them a salary with no overtime compensation.

6. Petersen brings this collective action to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

9. Chorbie is headquartered in Frisco, Texas, in this District.

## PARTIES

10. Petersen worked for Chorbie from approximately November 2022 to March 6, 2026, as a CSR.

11. Throughout his employment with Chorbie, Petersen was classified as an exempt employee and paid on a salary basis, with no overtime compensation.

12. Petersen's consent to be a party plaintiff will be filed contemporaneously with this Court.

13. Petersen was a salaried employee.

14. Petersen brings this action on behalf of himself and all similarly situated CSRs who were classified exempt and paid a salary with no overtime compensation.

15. Chorbie paid each of those workers a salary and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

16. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current and former salaried CSRs employed by Chorbie and paid a salary without overtime during the past three (3) years ("Salaried CSRs" or "Putative Class Members")**

17. Chorbie's Salaried CSRs held different job titles, including Client Service Representative, Client Care Advocate, and Client Account Manager.

18. Chorbie, LLC is a Texas limited liability company doing business throughout Texas.

19. Chorbie maintains its principal place of business in Frisco, Texas, and may be served through its registered agent for service of process: ERNEST S. MCCOY JR., 15315 PLUM LANE FRISCO, TX 75072.

## COVERAGE UNDER THE FLSA

20. At all times herein mentioned, Defendant Chorbie was and is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times herein mentioned, Defendant Chorbie constituted an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all times herein mentioned, Defendant Chorbie was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, and had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

23. At all times herein mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

## THE FACTS

24. Defendant Chorbie ("Chorbie" or "Defendant") operates a lawn care company based in Frisco and Taylor, Texas, providing lawn care and related services to homes and businesses.

25. To provide services to its clients, Chorbie hires personnel, like Plaintiff Mads Kruger Petersen ("Petersen"), to answer client calls, respond to client emails, and handle incoming sales leads.

26. Many of the individuals who worked for Chorbie, including Plaintiff Petersen, were paid a salary and misclassified as exempt employees, and these make up the proposed Putative Class.

27. While the exact job titles and job duties may differ, the Putative Class Members were subjected to the same or similar illegal pay practices for similar work. These so-called exempt employees were paid a salary regardless of the number of hours worked in a workweek and were not paid overtime for hours worked in excess of forty (40) in a workweek.

28. Petersen worked for Chorbie as a salaried CSR.

29. Petersen's job duties as a CSR included answering incoming client phone calls during phone hours, replying to a shared email inbox between calls and at night after phone hours, and performing inside sales work by responding to incoming leads.

30. Petersen did not have discretion or independence to alter Chorbie's work processes, prioritize tasks, or modify how client calls, emails, and sales leads were handled.

31. Throughout Petersen's employment with Chorbie, Chorbie classified him as an exempt employee and paid him under a flat salary scheme.

32. Specifically, Chorbie paid Petersen a fixed annual salary.

33. Petersen regularly worked more than 40 hours each week without receiving overtime compensation.

34. In fact, Petersen consistently worked 50 to 55 hours per week without being paid overtime based on his actual regular rate and actual overtime hours.

35. Chorbie did not pay Petersen any additional compensation for the hours he worked in excess of 40 in a workweek.

36. Petersen's actual job duties were non-exempt in nature.

37. Petersen performed production work—answering client calls, responding to client emails, and selling Chorbie's services to incoming leads—rather than work directly related to the management or general business operations of Chorbie or its clients.

38. In other words, Petersen's work was akin to that of a non-exempt employee.

39. Petersen and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

40. Petersen and the Putative Class Members did not have any meaningful supervisory or management duties.

41. Petersen did not supervise two or more employees and did not make recommendations to supervisors or managers regarding the hiring, firing, promotion, demotion, reassignment, or discipline of other employees.

42. Petersen and the Putative Class Members did not have discretion or independence to alter the work processes, prioritize tasks, or modify how client calls, emails, and sales leads were handled.

43. With these job duties, Petersen and the similarly situated employees are clearly non-exempt under the FLSA.

44. These workers make up the proposed collective of "Salaried CSRs."

45. These practices were applied to Petersen and the other Salaried CSRs, reflecting Chorbie's systematic policy of misclassifying non-exempt employees as exempt and failing to pay proper overtime compensation.

46. Because Petersen and the other Salaried CSRs were misclassified as exempt employees, Chorbie failed to pay them overtime for hours worked in excess of forty (40) per week.

47. Despite knowing its obligations under the FLSA, Chorbie failed to compensate Petersen and the other Salaried CSRs for all overtime hours worked.

48. As a result of Chorbie's pay policies, Petersen and the Salaried CSRs were denied the overtime required by federal law, because these workers performed non-exempt duties.

49. Because Petersen and the Salaried CSRs were misclassified as exempt, they should receive overtime for all hours worked in excess of forty (40) hours per week.

## FLSA VIOLATIONS

50. As set forth herein, Chorbie has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of

goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

51. Although Chorbie classified Petersen as "exempt" under the FLSA, Petersen's actual job duties do not meet the criteria for any exemption, including the administrative exemption.

52. At all relevant times, Petersen regularly worked more than 40 hours per week—including 50 to 55 hours per week during Chorbie's busy season—and was not paid any premium for overtime hours. Chorbie's misclassification of Petersen was willful and undertaken in reckless disregard of clearly established FLSA obligations.

53. Chorbie knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Petersen and the Salaried CSRs overtime compensation. Chorbie's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

54. Accordingly, Petersen and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees, and costs.

## COLLECTIVE ACTION ALLEGATIONS

55. Petersen incorporates all previous paragraphs and alleges that the illegal pay practices Chorbie imposed on him were likewise imposed on the Salaried CSRs.

56. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

57. Numerous other individuals who worked with Petersen were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

58. Based on his experiences and tenure with Chorbie, Petersen is aware that Chorbie's illegal practices were imposed on the Salaried CSRs.

59. The Salaried CSRs were all improperly classified as exempt employees and not afforded overtime compensation when they worked in excess of forty (40) hours per week.

60. Chorbie's failure to pay wages and overtime compensation at the rates required by federal law results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Salaried CSRs.

61. The specific job titles or precise job locations of the Salaried CSRs do not prevent collective treatment.

62. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Chorbie will reap the unjust benefits of violating the FLSA.

63. Furthermore, even if some of the Putative Class Members could afford individual litigation against Chorbie, it would be unduly burdensome to the judicial system.

64. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

65. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

## JURY DEMAND

66. Plaintiff Mads Kruger Petersen demands a trial by jury.

## RELIEF SOUGHT

67. WHEREFORE, Petersen prays for judgment against Defendant as follows:

a. For an Order requiring Defendant to provide the names and contact information of all Putative Class Members, and sending FLSA notice to the Putative Class Members pursuant to Section 16(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable to Petersen and the Putative Class Members for unpaid overtime wages and for liquidated damages equal in amount to the unpaid compensation found due to Petersen (and those Salaried CSRs who have joined in the suit);

c. For an Order awarding attorneys' fees, litigation expenses, costs, and pre- and post-judgment interest; and

d. For an Order granting such other and further relief as may be necessary and appropriate.

Date: July 10, 2026.

Respectfully submitted,

*/s/ Carl A. Fitz*
**Carl A. Fitz**
Texas Bar No. 24105863
**FITZ LAW PLLC**
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
(713) 766-4000
carl@fitz.legal

**ATTORNEY IN CHARGE FOR THE PLAINTIFFS**